**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CTIA - THE WIRELESS ASSOCIATION,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, California,<br><br>    Defendant - Appellee. | No. 11-17707<br><br>D.C. No. 3:10-cv-03224-WHA<br><br><br>MEMORANDUM[*] |
| CTIA - THE WIRELESS ASSOCIATION,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, California,<br><br>    Defendant - Appellant. | No. 11-17773<br><br>D.C. No. 3:10-cv-03224-WHA |

Appeal from the United States District Court
for the Northern District of California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

William Alsup, District Judge, Presiding

Argued and Submitted August 9, 2012
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and KORMAN, Senior District Judge.[**]

This is an appeal and cross appeal from the district court's order preliminarily enjoining, in part, provisions of a San Francisco ordinance requiring cell phone sellers to make certain disclosures to consumers about radiofrequency energy emissions from cell phones. S.F. Ordinance 156-11 (1022). Under the standard established in *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1986), any governmentally compelled disclosures to consumers must be "purely factual and uncontroversial." *Id*. at 651.

The district court found the factual statements in the revised fact sheet were accurate and not misleading. Appellant CTIA correctly points out, however, that the revised fact sheet contains more than just facts. It also contains San Francisco's recommendations as to what consumers should do if they want to reduce exposure to radiofrequency energy emissions. This language could prove to be interpreted by consumers as expressing San Francisco's opinion that using

---

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

cell phones is dangerous. The FCC, however, has established limits of radiofrequency energy exposure, within which it has concluded using cell phones is safe. *See, e.g., Guidelines for Evaluating the Env't'l Effects of Radiofrequency Radiation*, 11 F.C.C.R. 15123, 15184 (1996). Moreover, the findings made by the San Francisco Board of Supervisors on which the challenged ordinance is predicated acknowledges that "[t]here is a debate in the scientific community about the health effects of cell phones," and the district court observed that "San Francisco concedes that there is no evidence of cancer caused by cell phones." We cannot say on the basis of this record that the fact sheet, as modified by the district court, is both "purely factual and uncontroversial." *Zauderer*, 471 U.S. at 651. The court therefore erred in holding the city could compel distribution of the revised fact sheet.

The district court enjoined the original ordinance compelling distribution of broader materials. *Id*. San Francisco cross-appeals that order, seeking to enforce the ordinance in its entirety. Since the ordinance compels statements that are even more misleading and controversial than the revised fact sheet, the original injunction must be affirmed.

The order preliminarily enjoining enforcement of the ordinance is AFFIRMED. The court's subsequent order modifying the injunction is VACATED.

The City and County of San Francisco's motion for judicial notice filed on January 25, 2012, is granted.

Costs will be awarded to the plainiff-appellant.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.